Howry, J.,
delivered the opinion of the court:
This is one of a class of cases awaiting determination as to the scope and practical effect of the provisions of the act of March 3,1891, entitled “An act to revise the wages of certain employees in the Government Printing Office.” (1 Supp. Rev. Stat., 934.) It is a claim by the assistant foreman of the press room in charge of the night force for the increase of 20 per cent given for night work by the statute in the following language:
“That the pay of all the employees of the Government Printing Office engaged on night work (between the hours of five o’clock postmeridian and eight o’clock antemeridian) shall be twenty per centum in addition to the amount paid for day labor.”
Prior to the passage of this act claimant had been receiving $5.33i a day. Immediately upon its passage his pay was raised to $6.40 a day while in charge of the night force, presumptively upon the theoiy that he was within the terms of the statute. This pay, however, was reduced from $6.10 a day to $6 a day from December 2, 1891, while he was so engaged, upon the idea that ho was not within the statute and possibly because (from statements which appear in the record) *84 in the case of the assignment of a foreman or assistant foreman from day to night work a stipulated and agreed rate of compensation was paid to him in lieu of a specified per diem rate. The findings do not establish any special contract rate though for his night work in lieu of the specified per diem rate — which we do not sa,y is material — and as the agreed statement in the record upon which the findings are based presents the case of an assistant foreman of the press room receiving’ a specified per diem rate the issue is to be considered by the terms of the statute alone.
The act directs an increase of 20 per cent in the pay of all employees engaged on night work in addition to the amount paid for day labor. But as claimant did not do any actual mechanical work, and as assistant forman of the press room only had charge of certain night work, it is contended for the Government that he does not come within the terms of the act; and inasmuch as appropriation acts prior to 1891 limited the increased pay to those holding inferior positions Congress meant to exclude claimant under the later statute. And again, it is urged that the recommendation of the Public Printer, together with the statements made in Congress in explanation of the reports of committees having in charge the amendment under which the claim is made, so manifest the purpose of Congress to the exclusion of those not holding inferior positions the claimant is not entitled to recover.
The intention of Congress must be gathered from the language of the amendment. Prior acts are indicative of the purpose existing at the time of their passage, but can not displace the meaning conveyed by the language employed in the subsequent act, if we can gather that meaning from the language used.
What is said in Congress is not important as explanatory. The debates may show on what ground two or three who spoke may have voted for the bill, but it does not show upon what ground all the others voted. (United States v. Trans-Missouri Freight Association, 166 U. S. R., 290-318; Dunlop v. United States, 173, U. S. R., 65, 75; Maxwell v. Dow, 176 U. S. R., 600, 601.
Certain statutes are referred to in the record as establishing the prevailing practice in the Government Printing Office in *85 the matter of regulating the compensation of its employees, and which it is claimed cover' this case. Following the act under which the claim before us is presented, however, is a section which expressly repeals all acts and parts of acts conflicting with the direction that pay of the employees engaged on night work should be 20 per cent in addition to the amount paid for day labor.
The issue narrows itself to an inquiry as to the claimant's status in the office. He was not a workman in the sense that the mechanical operatives were workmen. But he had night duties. He supervised the night force and, as assistant foreman of the press room, was partly responsible for the proper performance of the duties of the men who performed this mechanical work at night. His presence was continuously necessary to maintain order, superintend the work, direct the force, and to do all those things necessary to be done bjr the person charged with such duties. If claimant was duly designated as assistant foreman of the press room, in charge of the night force, he was an employee engaged in night work within the meaning of the statute. Lexicographers define an employee as one employed by another; a clerk or workman in. the service of an employer, or one who works for wages on a salary. The claimant’s position and duties must be hold to have met all the requirements of the statute as one of the employees named by it.
But the contention of the claimant that the increase in his wages should be computed on the salary of the officer performing similar work in the daytime can not be sustained. The increase must be calculated only on his own pay -while serving in the daytime. The result appears in the last finding of fact.
Judgment accordingly.